**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

TAJAE ROSHAUN MOODY,

Petitioner,

v.

MULLENS, *et al.*,

Respondents.

No. 1:26-cv-02738-JLT-FJS (HC)

A-Number: 254-001-605

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE A BOND HEARING IN ACCORDANCE WITH THIS COURT'S INSTRUCTIONS, AND DIRECTING CLERK OF COURT TO CLOSE CASE

(Docs. 1, 21)

Petitioner is proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On July 29, 2026, the magistrate judge recommended that the petition for writ of habeas corpus be granted and Respondents be directed to immediately release Petitioner. (Doc. 21.) On August 11, 2026, Respondents filed timely objections. (Doc. 22.) Upon the Court's request, Respondents thereafter filed the digital audio recording of Petitioner's March 19, 2026 Bond hearing.

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections and the bond hearing audio, the Court departs from the findings and recommendations as to the appropriate remedy in this case and will order a substantive bond hearing at which Respondents will bear the

burden to establish Petitioner is a flight risk or a danger to the community.

The findings and recommendations provide the relevant factual backdrop:

> Petitioner, a citizen of Jamaica, entered the United States with an H2B visa in May 2017 and worked in the United States at Howard Johnson. (ECF No. 1 at 10.) Petitioner was previously charged with domestic violence, assault, obstructing a crime, and disorderly conduct in 2018, but the charges were dismissed in November 2019. (ECF No. 1 at 11.)
>
> On April 1, 2024, Petitioner filed for a change of status under the Violence Against Women Act and received a prima facie determination of likely validity on November 17, 2025, under that act. (ECF No. 15 at 11.) Petitioner's self-petition (Form I-360) under the Violence Against Women Act remains pending. (ECF No. 15 at 11.) Petitioner re-entered the United States after a trip to Jamaica on January 6, 2025, with advance parole through January 5, 2026. (ECF No. 1 at 10-11.) Petitioner's parole at the port of entry was "based on urgent humanitarian reasons or significant public benefit." (ECF No. 15 at 5.) Petitioner's authorization for parole does not expire until October 2029. (ECF No. 6.)
>
> Later, Petitioner was arrested while working for Home Depot making deliveries on February 3, 2026. (ECF No. 1 at 10; 15 at 5.) Petitioner was taken to Golden State Annex, where he now remains. (ECF No. 1 at 12.) Petitioner requested a bond hearing and an immigration judge denied bond on March 19, 2026. (ECF No. 1 at 2.) The immigration judge denied bond because Petitioner is an "arriving alien, and the Court lacks jurisdiction over his request for custody redetermination." (ECF No. 10-2 at 1.) The immigration judge further indicated that Petitioner "is both a danger and a flight risk." (*Id.*)
>
> Petitioner has family and attachments in the United States. He shares a home with his partner of five years, who is pregnant with his child, and stepchildren. (ECF No. 15 at 5.) Petitioner has remained employed. (ECF No. 15 at 5.)

(Doc. 21 at 2–3.) A routine search of the EOIR Automated Case Information Database reveals that Petitioner was ordered removed on July 28, 2026, he appealed that decision to the BIA on July 31, 2026, and that appeal is still pending.

Respondents assert that Petitioner is subject to mandatory detention as an "arriving alien" because, though he was paroled into the United States on January 8, 2025, that parole expired on January 6, 2026. (Doc. 10 at 1–2.)[1] The Court agrees with the findings and recommendations (*see*

[1] Petitioner was afforded "advance parole" (termed "advance authorization" in 8 C.F.R. § 212.5(f)), through October 15, 2029. (Doc. 6.) But an advance parole document simply authorizes a noncitizen traveling to the United States to <u>request</u> parole into the United States from an inspecting officer. A feature

Doc. 21 at 3–4), that Petitioner is not subject to mandatory detention on this basis. First, federal courts have generally determined that an individual who has lived freely in the United States under humanitarian parole is not an "arriving alien" but rather is "'present' in the United States and does have full due process rights." *Baptiste v. Bondi*, No. CV 26-02586 PHX SPL (CDB), 2026 WL 1684433, at *5 (D. Ariz. May 21, 2026) (collecting cases), *report and recommendation adopted*, No. CV-26-02586-PHX-SPL, 2026 WL 1682149 (D. Ariz. June 10, 2026). Relatedly, because Petitioner was previously released into the United States on parole, Petitioner possesses a protected interest in remaining at liberty while his removal proceedings are pending, "entitling him to certain due process protections, the extent of which are determined by applying the test provided in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)." *Thelusma v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-01443-JLT-EPG-HC, 2026 WL 1162804, at *3 (E.D. Cal. Apr. 29, 2026), *report and recommendation adopted*, 2026 WL 2333529 (E.D. Cal. Aug. 12, 2026). This is because being released into the United States on humanitarian parole necessarily required a finding that Petitioner was not a danger to the community or a flight risk. 8 C.F.R. § 212.5(b).

Applying *Mathews*, the findings and recommendations found that Petitioner possessed a protected liberty interest in his release and then concluded that the challenged detention constituted an unconstitutional deprivation of that liberty interest. (Doc. 21 at 6–8.) The undersigned agrees that Petitioner's detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. *See M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *14 (E.D. Cal. Nov. 24, 2025) (finding detention of noncitizen whose humanitarian parole was revoked violated due process).

As to the appropriate remedy, the magistrate judge recommended immediate release but did so only after discounting the result of the March 19, 2026 bond hearing, deeming the

---

of this process is that a noncitizen possessing an advance parole authorization (Form I-512) may still pursue a previously filed adjustment of status application upon their inspection and parole into the United States. See 8 C.F.R. § 245.2(a)(4)(ii)(B)—an application that might otherwise be deemed abandoned upon departure from the United States. Id. § 245.2(a)(4)(ii)(A). Upon one such departure and re-entry after receiving "advance parole," Petitioner was actually "paroled" into the United States for the year-long period January 5, 2025–January 6, 2026. (*See* Doc. 10-1 (Notice to Appear explaining dates of parole).)

Immigration Judge's alternative findings about danger and flight risk to be "dictum" because the IJ also concluded she lacked jurisdiction to hear Petitioner's request for a custody redetermination. (Doc. 21 at 7.) Even if the IJ's danger/flight conclusions are dicta, categorizing them as such (i.e., as non-binding) does not as a factual matter make those findings disappear. Moreover, Petitioner's immigration situation has shifted since this case was initiated, as he now has a non-final order of removal, which he is challenging on appeal.

Under these circumstances, the Court concludes that a post-deprivation bond hearing where the government bears the burden of proving flight risk or danger by clear and convincing evidence is the appropriate remedy. The March 19, 2026 hearing audio makes it clear that the IJ placed the burden on Petitioner. (Doc. 25 at 21:23-21:30 ("You've not convinced me that you're not a danger to the community and you've not convinced me that you are not a flight risk.").) Thus, the Court will order a new substantive bond hearing. To the extent Petitioner challenges the IJ's custody redetermination decision, (e.g., Doc. 15 at 22 (pointing out that he submitted 55 pages of evidence at the bond hearing "proving that he is not a danger or a flight risk")), he argues that the evidence was insufficient and "disagree[s] with being considered dangerous or a flight risk." (*See* Doc. 1 at 9–10, 15.) The Court **DENIES** any such argument because complaints about the conclusion an IJ reached must be presented through the normal immigration appeals process.

Thus, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART**.
2. Within 14 days of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id*. at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge

should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3. At least 72 hours before the scheduled hearing, Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this order to the immigration judge handling the bond hearing. In addition, Respondents SHALL ensure that the bond hearing is recorded.

5. The Clerk of Court is directed to serve the Central Valley Annex Detention Facility with a copy of this Order.

6. The Clerk of Court is further directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: September 14, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE